



**FILED**
**Mar 10, 2020**
**11:54 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Casey A. Hopkins | ) | Docket No. 2019-05-0198 |
| | ) | |
| v. | ) | State File No. 95177-2016 |
| | ) | |
| EmployBridge Holding Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed as Modified and Remanded

---

The employee sustained a compensable injury while working at a manufacturing plant through a temporary staffing agency. After the work accident, she returned to work for a period of time at different work sites until her temporary assignments ended. Thereafter, she received some temporary disability benefits. When those benefits were terminated, she sought additional benefits. Following an expedited hearing, the trial court ordered the employer to pay additional temporary partial disability benefits, and the employer has appealed. We modify the amount of temporary partial disability benefits owed but otherwise affirm the trial court's interlocutory order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Tiffany B. Sherrill, Knoxville, Tennessee, for the employer-appellant, EmployBridge Holding Co.

David G. Goodman, Nashville, Tennessee, for the employee-appellee, Casey Hopkins

### Factual and Procedural Background

Casey A. Hopkins ("Employee"), a resident of Warren County, Tennessee, was employed by EmployBridge Holding Co. ("Employer"), a temporary staffing agency. While working on temporary assignment at a manufacturing plant in Manchester, Tennessee, Employee sustained an injury to her head and scalp on December 9, 2016, when her hair became caught in a machine. In addition to her physical injuries, she also reported mental injuries caused by the accident. She received authorized care from Dr.

John Summitt for her physical injuries and from Dr. James Kyser for her mental injuries. As of the date of the expedited hearing in this case, she had not been placed at maximum medical improvement by either physician.

Several weeks after the work accident, Employee was released to return to work but was restricted from working in a factory setting and/or working near machinery. She returned to work on January 16, 2017, and continued working until the temporary assignment ended on September 20, 2018. Thereafter, she received temporary disability benefits from September 21 through November 27, 2018, and from January 9 through January 22, 2019. Employer stated that it terminated her benefits as of November 27, 2018 because she no longer had any "physical work restrictions," and that it paid additional temporary benefits in January 2019 during Employee's recovery period following surgery. Employee asserted she was willing to work any temporary assignment within her restrictions but received no other assignments through Employer after September 20, 2018.

Thereafter, Employee filed a request for an expedited hearing seeking additional temporary benefits. During her testimony, Employee acknowledged that she had received temporary disability benefits from September 21 through November 27, 2018, and again from January 9 through January 22, 2019. She also testified she had found two temporary assignments on her own that, combined, lasted for six weeks in November and December 2018. Employer argued Employee was not entitled to any additional temporary benefits because she was capable of working.

Following the expedited hearing, the trial court held Employee was entitled to an additional fifty-eight weeks of temporary partial disability benefits, covering a period from September 21, 2018 to December 12, 2019, less six weeks, as well as ongoing temporary disability benefits. The court ordered the employer to file a wage statement so that the amount of temporary partial disability benefits owed could be calculated. Employer has appealed.[1]

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2019). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar

---

[1] After the trial court's first order was issued, Employer filed a wage statement. Subsequently, the trial court issued a December 30, 2019 order in which it calculated the amount of past temporary partial disability benefits owed. Employer's notice of appeal only identifies the December 19 order as being appealed.

deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

As an initial matter, we note that both parties cite in their briefs Tennessee Code Annotated section 50-6-217(a)(3) (2016) (repealed 2017), which authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have observed on numerous occasions, this code section was repealed effective May 9, 2017.[2] Consequently, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

Employer raises three issues on appeal: (1) whether "the lack of clear work restrictions" and Employee's "lack of reasonable effort" to return to work disqualifies her

---

[2] *See Andrews v. Custom Foods of America, Inc.*, No. 2018-03-0413, 2020 TN Wrk. Comp. App. Bd. LEXIS 1, at *3-4 (Tenn. Workers' Comp. App. Bd. Jan. 24, 2020); *Goodwin v. Morristown Driver's Services, Inc.*, No. 2017-03-1235, 2019 TN Wrk. Comp. App. Bd. LEXIS 37, at *6-7 (Tenn. Workers' Comp. App. Bd. July 31, 2019); *McLaurin v. AT&T Services, LLC*, No. 2017-03-1133, 2019 TN Wrk. Comp. App. Bd. LEXIS 6, at *4-5 (Tenn. Workers' Comp. App. Bd. Jan. 31, 2019); *Bullard v. Facilities Performance Grp.*, No. 2017-08-1053, 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (Tenn. Workers' Comp. App. Bd. Aug. 7, 2018); *Ledford v. Mid-Georgia Courier, Inc.*, No. 2017-01-0740, 2018 TN Wrk. Comp. App. Bd. LEXIS 28, at *4 (Tenn. Workers' Comp. App. Bd. June 4, 2018); *Duignan v. Stowers Machinery Corp.*, No. 2017-03-0080, 2018 TN Wrk. Comp. App. Bd. LEXIS 25, at *8-9 (Tenn. Workers' Comp. App. Bd. May 29, 2018); *Ogden v. McMinnville Tool & Die*, No. 2016-05-1093, 2018 TN Wrk. Comp. App. Bd. LEXIS 14, at *9-10 (Tenn. Workers' Comp. App. Bd. May 7, 2018); *Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *5-6 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018); *Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *6-7 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018); *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *12-13 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018); *Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transp.*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017).

from additional temporary disability benefits; (2) whether "physical work restrictions" are required to support an order for additional temporary disability benefits; and (3) whether the trial court erred in awarding temporary disability benefits for a period of time during which Employee already received such benefits.[3]

With respect to the first issue raised by Employer, we disagree that Employee's work restrictions are unclear. In his letter dated March 2, 2017, Dr. Kyser diagnosed Employee with posttraumatic stress disorder. In an email to Employee's counsel dated November 27, 2019, Dr. Kyser clarified that he had restricted Employee from working near "machinery or anything resembling the setting in which she was injured." During the expedited hearing, Employee testified she understood Dr. Kyser's instructions to mean she was to avoid working around moving equipment. We find this work restriction to be sufficiently clear and unambiguous to support an award of temporary benefits.

Moreover, it is undisputed that after the last temporary assignment offered by Employer ended in September 2018, Employee received no other assignments from Employer. She attended one interview arranged by Employer but was not offered the position. Employee testified she never declined any light duty position offered by Employer. In addition, when her temporary assignment ended, she attempted to find work with other companies. She secured temporary work at two local retail stores that lasted six weeks. She sent applications to local businesses and, as of the date of the expedited hearing, had a prospect for another temporary assignment with a carpenter. We find Employee's undisputed testimony supports a conclusion that she made reasonable efforts to return to work following her injury.

Second, Employer asserts that physical restrictions are required to support an award of temporary disability benefits. Employer cites no statutory or case law supporting such an assertion, and we have found none. In fact, there is an abundance of case law stating that consideration of mental conditions and related restrictions is appropriate in addressing the nature and extent of disability. *See, e.g.*, *Wilkes v. Resource Auth.*, 932 S.W.2d 458, 463 (Tenn. 1996) ("Defining 'employability' merely in physical terms is too restrictive because it ignores the term's mental, emotional, and communicative aspects important in obtaining and maintaining employment."); *LaPradd v. Nissan North Am., Inc.*, No. M2014-01722-SC-R3-WC, 2016 Tenn. LEXIS 6, at *24 (Tenn. Workers' Comp. Panel Jan. 14, 2016) (testifying physicians agreed that employee's depression "presented an additional impediment to employment"); *Tabor v. Crossville Ceramics Co.*, No. 03S01-9810-CV-00117, 1999 Tenn. LEXIS 587, at *3

---

[3] Employer also states in its brief that the trial court erred in admitting an "unauthenticated" email addressing Employee's work restrictions. However, Employer has offered no argument or authority to support its statement that the trial court erred in admitting the email. Thus, we deem the issue waived. *See Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("[W]here a party fails to develop an argument in support of his or her contention . . . the issue is waived.").

4

(Tenn. Workers' Comp. Panel Nov. 12, 1999) (consideration of employee's "mental restrictions" supported trial court's award). In short, we agree with the trial court's conclusion that consideration of "environmental limitations" resulting from a compensable mental injury is appropriate in the analysis of an injured worker's entitlement to temporary disability benefits.

Finally, Employer asserts the trial court erred in awarding temporary disability benefits for periods of time during which Employee received such benefits. We agree. The trial court's expedited hearing order required Employer to pay additional temporary benefits from September 21, 2018 to December 12, 2019, less six weeks for the time Employee worked in November and December 2018, for a total of fifty-eight weeks. However, as discussed above, Employee acknowledged that she received temporary disability benefits from September 21 through November 27, 2018, and again from January 9 through January 22, 2019. Therefore, in addition to the six weeks deducted for the time Employee worked in November and December 2018, the trial court also should have deducted another eleven and a half weeks from the total, representing the time during which temporary benefits had been paid. Thus, we modify the trial court's order for the payment of temporary disability benefits from a total of fifty-eight weeks to a total of forty-six and one half weeks.

## Conclusion

For the foregoing reasons, we affirm the trial court's order as modified and remand the case. Costs on appeal are taxed to Employer.



| | | |
|---|---|---|
| Casey A. Hopkins | ) | Docket No.  2019-05-0198 |
| | ) | |
| v. | ) | State File No.  95177-2016 |
| | ) | |
| EmployBridge Holding Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of March, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Tiffany B. Sherrill | | | | X | tbsherrill@mijs.com |
| David G. Goodman | | | | X | dgoodman@forthepeople.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov